CHARLES H. HORNER, RESPONDENT, v. GEORGIA CASUALTY COMPANY, APPELLANT.

Submitted June 9, 1924—Decided October 20, 1924.

H., owner and operator of a jitney bus, obtained from the G. C. Co. a policy of liability and indemnity insurance, indemnifying him to the amount of $10,000 against loss arising from claims for bodily injuries accidentally suffered, including death resulting therefrom. The bus was overturned by negligent operation and twenty-six persons were injured and one killed. E., assistant superintendent of the claims department, was sent to adjust claims. The G. C. Co. paid out $5,000. Three claims for injuries and the death claim remained unsettled. H. paid $3,000 in settlement of the three claims for injuries. Suit was instituted on the death claim and judgment for $15,000 recovered. Pending an appeal of this judgment settlement was made for $9,000. The G. C. Co. contributed $5,000 toward the settlement so that it had paid out $10,000 under its policy. The policy provided that the total liability for loss from any one accident was $10,000; and that no change or waiver of the terms and conditions of the policy should be valid unless set forth in an indorsement signed by the president or secretary of the company. In an action against the G. C. Co. by H. to recover the $4,000, counsel fee and costs, expended by him in affecting settlement of the death claim, based upon an agreement alleged to have been made by the G. C. Co. through E.; *Held*, that the trial judge erred in not granting a nonsuit upon the ground that E. had no authority under the terms of the policy, or otherwise, under the evidence submitted, to make the agreement upon which the action was instituted.

On appeal from the Supreme Court.

For the appellant, *Howard L. Miller* (*William T. Boyle,* of counsel).

For the respondent, *Albert S. Woodruff.*

The opinion of the court was delivered by

KATZENBACH, J.    This is an appeal from a judgment of the Supreme Court of $4,860.63, entered upon a verdict rendered at a trial at the Camden Circuit.    The plaintiff below, Charles H. Horner, was the owner and operator of a line of jitney buses used for the transporting of passengers in the city of Camden.    On April 24th, 1922, the Georgia Casualty Company, the defendant below, and appellant in this court, issued to Horner a policy of liability and indemnity insurance.    The policy, by its terms, insured Horner to the amount of $10,000 for a term of one year against loss arising or resulting from claims for damages on account of bodily injuries accidentally suffered or alleged· to have been ·suffered while the policy was in force, including death resulting therefrom, by any person or persons, by reason of the ownership, maintenance or use of the buses described in the schedule annexed to the policy.    The policy further provided that the company should defend any suit instituted against the assured, and pay the expenses and costs thereof. On May 16th, 1922, a bus, owned and operated by Horner, and described in the policy, was overturned while the operator was attempting to get it out of a street railway track, in the city of Camden.    Some twenty-six persons, who were at the time passengers, were injured.    One passenger, Louis Crowder, was killed.    Horner notified the Georgia Casualty Company, who sent one of its adjusters, Mr. Focht, to Camden. Later, the assistant superintendent of the claim department, Mr. Edwards, came to Camden.    Settlements were made with many of the claimants.    It soon became apparent that the claims would exceed $10,000, the limit of the policy.    By

June 2d, 1922, the casualty company had expended $5,000. There were three claims for injuries which had not been settled, and the claim arising from the death of Louis Crowder had not been adjusted. On the evening of that day, at a meeting in the office of the counsel who represented the three claimants for damages for injuries, a settlement of the three injury cases was made. Mr. Horner personally paid approximately $3,000 to effect these settlements. This left the Crowder case unsettled. The casualty company retained $5,000 for the adjustment of this claim. Settlement of the claim could not be made for this sum. A suit was instituted against Horner by the administrator *ad prosequendum* of Crowder, and was defended by the casualty company. The trial resulted in a verdict of $15,000 against Horner.

An appeal was taken by counsel employed by Horner, and pending the prosecution of the appeal a settlement was effected for $9,000. The casualty company contributed $5,000 of this amount. Horner paid $4,000. Horner also paid $500 for counsel fees and the expenses of the appeal. The present action was then instituted by Horner to recover the $4,000 paid by him, the $500 counsel fee and the court costs and expenses. Horner alleged in his complaint that at the time of the settlements referred to, as made on June 2d, 1922, he was induced to pay the money required for these settlements upon the assurance that he would be relieved from all responsibility in connection with the settlement of the Crowder claim.

The complaint filed had four counts. The first alleged the failure of the casualty company to fulfill its obligation to conduct the negotiations and make the Crowder settlement with a reasonable degree of care. The second count alleged that the casualty company refused to take an appeal for the plaintiff, provide counsel, and pay the costs of the appeal, in violation of its contract. The third count set up fraud and deceit on the part of the defendant resulting in financial loss to the plaintiff. The fourth count declared that the defendant so conducted the settlements as to persuade the plaintiff

to contribute to the settlements, and as an inducement to secure these moneys from the plaintiff, falsely represented that the Crowder claim had been settled or agreed to be settled for $5,000, and it was retaining that sum for that purpose; that thereafter the suit for damages for the death of Crowder was instituted, resulting in a verdict of $15,000; that the defendant refused to pay more than $5,000, and refused to take an appeal; that the plaintiff engaged counsel, took an appeal, and effected a settlement for $9,000; that the defendant contributed $5,000, but refused to pay costs, counsel fee, or other moneys. At the trial of the suit the plaintiff relied upon an alleged agreement to settle the Crowder case in consideration of the payments made by the plaintiff to claimants with whom the casualty company had not settled. This contention was somewhat of a departure from the pleadings, as outlined, but the trial judge permitted an amendment of the pleadings so as to permit the plaintiff to present this theory of the case. A motion to nonsuit was made upon several grounds, including the ground that there was no proof that the defendant corporation had authorized its agent to enter into an agreement imposing liability in addition to the policy. The motion was overruled and an exception taken. There was evidence offered by the plaintiff and other witnesses as to the alleged agreement. Mr. Edwards, whom it was claimed had made the agreement, denied that he had made an agreement. The trial court, in its charge, left it to the jury to determine whether the agreement was made and also whether it was done by the authority of the company. The result was a verdict for the plaintiff for the full amount claimed, with interest. In the consideration of the propriety of the ruling of the learned trial judge on the motion to nonsuit it is important to refer to several of the provisions of the policy issued to the plaintiff by the defendant. It is therein provided as follows: "The liability of the company for loss from an accident resulting in bodily injuries to or in the death of one person [only] is limited to five thousand dollars [$5,000], and subject to the same limit for each person,

the total liability of the company for loss from any one accident resulting in bodily injuries to or in the death of more than one person is limited to ten thousand dollars [$10,000] regardless of the number of assured involved."

"No erasure or change appearing on this policy as originally printed, and no change or waiver of any of its terms or conditions or statements, shall be valid unless set forth in an endorsement, added hereto and signed by the president or secretary of the company. Notice given to, or the knowledge of any agent or any other person, whether received or acquired before or after the date of this policy, shall not be held to waive any of the terms or conditions or statements of this policy, or to preclude the company from asserting any defense under said terms, conditions and statements, unless set forth in an endorsement added hereto and signed by the president or secretary of the company."

Briefly, the portions of the policy above referred to provide that under no circumstances shall the liability of the casualty company for loss from an accident exceed $10,000, and no change or waiver of the terms or conditions of the policy shall be valid unless set forth in an endorsement added thereto, signed by the president or secretary of the company. The effect of the agreement alleged to have been made by Mr. Edwards was to change the terms and conditions of the policy in a matter most material, namely, the maximum liability of the defendant under the policy. No agreement to the effect declared on could have been made by Mr. Edwards, the assistant superintendent of the claim department, under the terms of the policy. It was necessary for the plaintiff to prove that a modification of the contract had been made by a proper officer and in the manner indicated in the policy. This was not done. A corporation has the right to insert such provisions in its policies. It is only by such provisions that it can obtain protection against such a claim as was advanced in the present case. If Mr. Edwards did say what the plaintiff claims he did he could not have bound the company to the change in the policy upon which this suit is based.

It was therefore error not to have nonsuited the plaintiff. If it be claimed that the agreement was entirely independent of the policy, then the case is equally barren of any authority on the part of Mr. Edwards to make such a contract. One dealing with a corporation must inform himself as to the authority of the one purporting to act for the corporation if he seeks to hold the corporation to an agreement made through the agent. An officer or agent can only bind a corporation to the extent that the power to do the act in question has been expressly conferred upon the officer or agent by the charter, by-laws or corporate action of the stockholders or board of directors, or can be implied from the powers expressly conferred, or which are incidental thereto, or where the act is within the apparent powers which the corporation has caused those with whom its officers or agents have dealt to believe it has conferred. *Aerial League of America* v. *Aircraft Fireproofing Corporation,* 97 *N. J. L.* 530. The plaintiff offered no proof of the authority of Mr. Edwards within the law as above defined to bind the casualty company. There was also no consideration shown which would support an independent agreement as the payment of the claims made by the plaintiff was merely the fulfillment of an obligation which he owed to those injured by being the owner and operator of the bus which had been negligently operated.

The judgment is reversed and a *venire de novo* awarded.

*For affirmance*—THE CHANCELLOR, MINTURN, KALISCH, BLACK, CAMPBELL, JJ. 5.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KATZENBACH, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 10.